**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ANA NAVARRO, on behalf of her minor son, MIGUEL RICO, and GUMERSINDO CORTES, | ) ) ) ) | |
| Plaintiffs, | ) ) | 09 cv 7335 |
| v. | ) ) | |
| CITY OF CHICAGO, Chicago Police Officers CECIL PHILLIPS (Star No. 6657) and ART BRACHO (Star No. 4691), and TWO UNKNOWN CHICAGO POLICE OFFICERS, | ) ) ) ) ) | Judge Gottschall<br><br>Magistrate Judge Valdez |
| Defendants. | ) | JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

Plaintiffs, ANA NAVARRO, on behalf of her minor son, MIGUEL RICO, and GUMERSINDO CORTES, by their attorneys, LOEVY & LOEVY, complain of Defendants, CITY OF CHICAGO, Chicago Police Officers CECIL PHILLIPS (Star No. 6657) and ART BRACHO (Star No. 4691), and TWO UNKNOWN CHICAGO POLICE OFFICERS (collectively, the "Defendant Officers"), and state as follows:

**Introduction**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

## Jurisdiction and Venue

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

3.    Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district.

## Parties

4.    Plaintiff Miguel Rico is a student at Farragut High School in Chicago.

5.    Plaintiff Gumersindo Cortes is a resident of Chicago. He is employed at Instituto del Progresivo Latino in Chicago, where he is also taking classes.

6.    Defendant Officers Cecil Phillips, Art Bracho, and the two unknown Defendant Officers are employed by the Chicago Police Department.  At all times relevant to this Complaint, the Defendant Officers acted under color of law and acted within the scope of their employment as employees of the City of Chicago.

## Factual Background

7.    On August 8, 2009, Plaintiffs Miguel Rico and Gumersindo Cortes went to Los Comales, a restaurant located at 3141 W. 26th Street, Chicago, Illinois, to get some food.

8.   After placing their order, Plaintiffs waited for their food, and when it was ready, they took the food and walked out of the restaurant.  While in the restaurant, Plaintiffs noticed the Defendant Officers staring at them.  The Defendant Officers followed Plaintiffs out of the restaurant.

9.   Mr. Cortes was in the crosswalk, heading north across 26th Street, when he heard one of the Defendant Officers shout words to the effect of "Idiot, stop" and "Dumbass, stop or I'll shoot you."  Immediately thereafter, one of the officers ran up to Mr. Cortes, twisted his arm behind his back, handcuffed him, and threw him to the curb.

10.   That officer then turned to Miguel, asking him if he was with Mr. Cortes.  When Miguel responded in the affirmative, the officer handcuffed Miguel and put him in the back seat of the squad car.  Before closing the squad car door, the officer smacked Miguel in the face.

11.   At no time did Plaintiffs commit any act that would justify their mistreatment.  Nor did the Defendant Officers ever tell Plaintiffs why they were being mistreated.

12.   After putting Mr. Cortes into the back seat of the squad car, the Defendant Officers stood outside the squad car, discussing what should be done with Plaintiffs.  When they were done talking, Defendant Officers Phillips and Bracho entered the squad car.

3

13.   Defendant Officers Phillips and Bracho drove Plaintiffs to a dark, deserted area close to railroad tracks, near Cullerton Avenue and Western Avenue.

14.   When the squad car stopped, one of the officers pulled Mr. Cortes out of the car, threw Mr. Cortes onto the gravel and glass-littered ground, and punched and kicked Mr. Cortes repeatedly.

15.   After attacking Mr. Cortes, that officer rounded the squad car and forcibly dragged Miguel out of the back seat.  The officer threw Miguel onto the ground and proceeded to physically beat Miguel, punching and kicking him repeatedly.

16.   The officer dragged Miguel through the glass-littered gravel to where Mr. Cortes was laying on the ground.  The officer then beat them both.

17.   When the officer finished beating the Plaintiffs, he dragged them to an area with tall grass and kicked Miguel one last time.  Only then did he remove Plaintiffs' handcuffs. Defendant Officers Phillips and Bracho drove away, taking Mr. Cortes's shoes and his cell phone with them.

18.   Stranded in a dark, deserted area with no way to call for help, and suffering excruciating physical pain and emotional distress, Plaintiffs walked back to Los Comales restaurant to retrieve their car.  Both Plaintiffs were badly beaten and bleeding.  In addition, because Defendant Officers Phillips and

4

Bracho had stolen Mr. Cortes's shoes, he was forced to walk the nearly two mile trek in his socks. When they arrived at Los Comales, Plaintiffs got into their car and drove to Miguel's home, where they woke up his family and called 911.

19. Plaintiffs were taken by ambulance to St. Anthony's Hospital, where they received medical attention and treatment for their injuries. Mr. Cortes suffered a fractured rib and bruises on his body and face, which was badly swollen. Miguel suffered bruises and lacerations on his face and body, and sustained a deep cut on his arm from having been kicked and dragged through glass-littered gravel.

20. At the hospital, Plaintiffs met with Chicago Police Officers M. Papin, Star No. 3070, and V. Perez, Star No. 19536, who filed an official police report and ordered photographs to be taken of Plaintiffs' injuries.

21. As a result of the beatings they endured, Plaintiffs have permanent scars on their face and body, among other physical and emotional injuries.

### Count I – 42 U.S.C. § 1983
### Excessive Force

22. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

23. The conduct of one of the Defendant Officers toward Plaintiffs constituted excessive force in violation of the United States Constitution.

24. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and with willful indifference to Plaintiffs' constitutional rights.

25. The policy and practice of the City of Chicago, acting by and through its agents, were the moving force behind these constitutional violations in that:

   a.   As a matter of both policy and practice, the City of Chicago, acting by and through its agents, directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

   b.   As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those inflicted upon Plaintiffs;

   c.   Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City

of Chicago abuse citizens in a manner similar to that alleged by Plaintiffs in this Count on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

d.    Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

e.    Municipal policymakers are aware of – and condone and facilitate by their inaction – a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

f.    The City of Chicago, acting by and through its agents, has knowledge of, and the relevant policymakers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

26.   As a result of the unjustified and excessive use of force by one of the Defendant Officers, and the Chicago Police Department's policy and practice, Plaintiffs sustained injuries

including, but not limited to, physical harm and emotional distress.

27.   The misconduct described in this Count was undertaken by one of the Defendant Officers within the scope of his employment and under color of law such that his employer, City of Chicago, is liable for his actions.

<h3 align="center">Count II – 42 U.S.C. § 1983<br>Failure to Intervene</h3>

28.   Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

29.   One or more of the Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiffs' constitutional rights, but they failed to do so.

30.   As a result of the Defendant Officers' failure to intervene, Plaintiffs suffered injuries including, but not limited to, physical harm and emotional distress.

31.   The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner more fully described above.

32.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff' rights.

33.   The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment

and under color of law such that their employer, City of Chicago, is liable for their actions.

## Count III – 42 U.S.C. § 1983
## Unlawful Detention

34. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

35. As described more fully above, one or more of the Defendant Officers unlawfully detained Plaintiffs without justification.

36. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to Plaintiffs' rights.

37. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner more fully described above.

38. As a result of the misconduct described in this Count, Plaintiffs suffered damages including, but not limited to, physical harm and emotional distress.

39. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

### Count IV – 42 U.S.C. § 1983
### Conspiracy to Deprive Constitutional Rights

40.   Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

41.   Prior to Plaintiffs' injuries, the Defendant Officers reached an agreement amongst themselves to unlawfully detain Plaintiffs, and to thereby deprive Plaintiffs of their constitutional rights, as described more fully above.

42.   In furtherance of the conspiracy, each of the Defendant Officers committed overt acts and was an otherwise willful participant in joint activity.

43.   As a direct and proximate result of the Defendant Officers' illicit prior agreement, Plaintiffs' rights were violated, and they suffered injuries including, but not limited to, physical harm and emotional distress, as described more fully above.

44.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

45.   The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner more fully described above.

## Count V – 42 U.S.C. § 1983
### Fourth Amendment

46.   Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

47.   As described more fully above, Defendant Officers Phillips and Bracho, acting under color of law and within the scope of their employment, improperly exceeded the scope of their lawful authority in unlawfully seizing Mr. Cortes's cell phone and shoes, thereby violating the United States Constitution.

48.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to Mr. Cortes's constitutional rights.

49.   As a result of the misconduct described in this Count, Mr. Cortes suffered damages, including but not limited to the loss of property, physical harm, and emotional distress.

50.   The misconduct described in this Count was undertaken by Defendant Officers Phillips and Bracho within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

## Count VI – State Law Claim
### Assault and Battery

51.   Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

52.   As described more fully in the preceding paragraphs, one of the Defendant Officers' actions caused Plaintiffs reasonable apprehension of imminent harm and constituted offensive physical contact with Plaintiffs.

53.   As a result of that Defendant Officer's actions, Plaintiffs sustained physical and emotional injuries.

54.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

55.   The misconduct described in this Count was undertaken by the Defendant Officer within the scope of his employment such that his employer, City of Chicago, is liable for his actions.

### Count VII – State Law Claim
### Intentional Infliction of Emotional Distress

56.   Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

57.   In the manner described more fully above, the misconduct of the Defendant Officers toward Plaintiffs constituted intentional infliction of emotional distress.

58.   The misconduct described in this Count was extreme and outrageous.

59.   The misconduct described in this Count was undertaken with the intent to inflict severe emotional distress or with

reckless disregard of the high probability that the conduct would inflict such distress.

60.  As a result of the Defendant Officers' misconduct, Plaintiffs experienced severe emotional distress.

61.  The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

**Count VIII - State Law Claim
Civil Conspiracy**

62.  Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

63.  As described more fully in the preceding paragraphs, the Defendant Officers conspired by concerted action to accomplish an unlawful purpose by unlawful means.

64.  In furtherance of the conspiracy, the Defendant Officers committed overt acts and were an otherwise willful participant in joint activity.

65.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

66.  As a direct and proximate result of the Defendant Officers' conspiracy, Plaintiffs suffered injuries including,

but not limited to, physical harm and emotional distress, as more fully alleged above.

## Count IX - State Law Claim
## Respondeat Superior

67.  Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

68.  In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members and agents of the Chicago Police Department, acting at all relevant times within the scope of employment and under color of law.

69.  Defendant City of Chicago is liable as principal for all torts committed by its agents.

## Count X - State Law Claim
## Indemnification

70.  Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

71.  Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

72.  The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs, ANA NAVARRO, on behalf of her minor son, MIGUEL RICO, and GUMERSINDO CORTES, respectfully request that this Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, Chicago Police Officers CECIL PHILLIPS (Star No. 6657) and ART BRACHO (Star No. 4691), and TWO UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against Chicago Police Officers CECIL PHILLIPS, ART BRACHO, and TWO UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/Rachel Steinback_____
Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Russell Ainsworth
Roshna Bala Keen
Rachel Steinback
LOEVY & LOEVY
312 North May St.
Suite 100
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

    I, Rachel Steinback, hereby certify that on April 30, 2010, I served Plaintiffs' FIRST AMENDED COMPLAINT by CM/ECF to all counsel of record.

                                /s/Rachel Steinback_____